UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME GOLDEN, | Case No. 1:18-cv-01003-JDP (HC) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | |
| M. E. SPEARMAN, | |
| Respondent. | |

Petitioner Jerome Golden, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The petition presents two defects that seem to warrant summary dismissal of the petition. We will identify those defects and order petitioner to show cause why the court should not dismiss the petition.

First, petitioner contends that state courts erred in deciding his motion to suppress, but parties ordinarily cannot invoke the exclusionary rule or raise suppression issues in habeas proceedings. *See Newman v. Wengler*, 790 F.3d 876, 878 (9th Cir. 2015) (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)); *Fernandez v. Busby*, 27 F. Supp. 3d 1046, 1051 (C.D. Cal.

1

2014). This general rule has one exceedingly narrow exception, which requires a habeas petitioner to show that he had no "opportunity for full and fair litigation" of the claim at issue. *See Newman*, 790 F.3d at 878 (quoting Stone, 428 U.S. at 494). The Ninth Circuit has concluded that even considering a party's suppression motion, by itself, suffices to preclude a suppression claim in a habeas proceeding, *see Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990), and this court has summarily dismissed suppression claims asserted by habeas petitioners, *see Camel v. Sherman*, No. 2:18-cv-1560, 2019 WL 3457968, at *9 (E.D. Cal. July 31, 2019).[1]

Here, it appears that petitioner had an opportunity for full and fair litigation of the first habeas claim that he raises now: that state trial court erred in denying his motion to suppress. *See People v. Golden*, 19 Cal. App. 5th 905, 910 (Cal. Ct. App. 2017). Petitioner must explain in the amended petition why he believes that he had no opportunity for full and fair litigation on his suppression claim.

Second, petitioner's arguments are conclusory. He argues generally that the state appellate court's decision was contrary to clearly established law and based on an unreasonable determination of the facts. *See* ECF No. 1 at 4. But petitioner does not develop this argument or explain why he believes that the state court erred. The amended petition must contain petitioner's arguments how the state court erred and some explanation from petitioner why he believes that his custody violates federal law.

**I.    Order**

1. Petitioner must file an amended petition addressing the defects identified in this order.
2. Petitioner must file an amended petition within thirty days from the date of service of this order.
3. Petitioner's failure to comply with this order may result in dismissal of this case.

---

[1] We have found no precedent in which the Ninth Circuit ruled that a petitioner succeeded in showing the deprivation of such an opportunity. Other circuits have explained that the circumstances that could show deprivation of an opportunity for full and fair litigation are truly rare. *Cf. Cabrera v. Hinsley*, 324 F.3d 527, 531 (7th Cir. 2003) (listing examples such as a judge taking bribes, sleepwalking, or stating egregious errors of law such as "probable cause is not required in Illinois").

2

IT IS SO ORDERED.

Dated: August 5, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202