UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME GOLDEN, | Case No.   1:18-cv-01003-DAD-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| M. E. SPEARMAN, | OBJECTIONS DUE IN THIRTY DAYS |
| Respondent. | ECF No. 14 |
| | ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner Jerome Golden, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 10. Petitioner claims that the trial court erred when it: (1) denied his motion to suppress evidence allegedly obtained in violation of his Fourth Amendment right to be free from unlawful search and seizure and (2) failed to dismiss one of petitioner's prior convictions under California's three strikes law. *Id*. at 5, 10. Respondent moved to dismiss the petition. ECF No. 14. Petitioner has not opposed the motion, and the time to do so has passed. *See* Local Rule 230(*l*) ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion.").

I. **Discussion**

Under Rule 4 of the Rules Governing Section 2254 Cases, we are to dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Here, it plainly appears that petitioner is not entitled to relief. The reason is simple: neither of his claims are cognizable on federal habeas review.

  a. **Fourth Amendment Claim**

Petitioner claims that the trial court erred when it denied his motion to suppress certain evidence discovered in his hospital room. ECF No. 10 at 5. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). In determining whether a petitioner received an "opportunity for full and fair litigation" of his Fourth Amendment claim from the state, the "relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). California provides such an opportunity—criminal defendants may move to suppress evidence obtained through an unconstitutional search or seizure. *See* Cal. Pen. Code § 1538.5. Petitioner has presented no evidence that he was denied this right.[1] Therefore, petitioner's claim is not cognizable on habeas review and should be dismissed.

  b. **Three Strikes Claim**

Petitioner claims that the trial court erred when it failed to dismiss one of his prior convictions under California's three strikes law. ECF No. 1 at 10. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Rather, the court shall consider a state prisoner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

---

[1] On the contrary, the record reveals that petitioner took the opportunity to litigate his claim; petitioner moved to suppress the evidence in question under § 1538.5, and the trial court held an evidentiary hearing. ECF No. 16-2 at 3-5. The trial court denied petitioner's motion, finding no Fourth Amendment violation. *Id.*

To state a cognizable sentencing error claim, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976); *see Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Where a petitioner's only claim is that a state court erred in its interpretation of state law, we are bound by the state court's ruling on the matter. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

Here, petitioner makes no federal law claim. Rather, he challenges the state court's interpretation and application of California's three strikes law. We are bound by the state court's determination and cannot review petitioner's claim. Petitioner's claim should be dismissed.[2]

### c. Substitute Respondent

Respondent has notified the court that the proper respondent in this case is Craig Koenig, the current warden of Correctional Training Facility. ECF No. 6 at 1. Pursuant to Federal Rule

---

[2] Moreover, even if petitioner had stated a cognizable claim here, he has failed to exhaust this claim before the state courts. A petitioner must exhaust his claims before the state courts before seeking federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). The exhaustion doctrine is based on comity; it gives the state courts the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971). Petitioner has failed to demonstrate that he exhausted his claim of trial court error related to that court's three strikes determination. His petition for review before the California Supreme Court does not assert this claim. *See* ECF No. 16-3; 16-4. We have reviewed the California Courts Appellate Courts Case Information online database and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Courts Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Jerome Golden"). We can find no evidence that petitioner filed any subsequent petitions for

of Civil Procedure 25(d), the name of the respondent will be substituted. The clerk of court is directed to substitute Craig Koenig as the respondent.

## II.  Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court decline to issue a certificate of appealability.

## III.  Findings and Recommendations

For the foregoing reasons, we recommend that the court grant defendant's motion to dismiss, ECF No. 10, dismiss the case, and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be

---

review before the California Supreme Court in which he may have exhausted this claim.

4

1  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding
2  district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

3  **IV.    Order**

4      The clerk of court is directed to substitute Craig Koenig as the respondent in this case.

IT IS SO ORDERED.

Dated:   September 8, 2020  

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.