UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME GOLDEN,<br><br>    Petitioner,<br><br>  v.<br><br>CRAIG KOENIG,<br><br>    Respondent. | No. 1:18-cv-01003-DAD-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 14, 21) |

  Petitioner Jerome Golden is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On April 24, 2020, respondent Craig Koenig filed a motion to dismiss the petition. (Doc. No. 14.) On September 8, 2020, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted and this case be dismissed. (Doc. No. 21.) Specifically, the findings and recommendations concluded that petitioner's claim challenging the state trial court's denial of his motion to suppress evidence was not a cognizable claim for federal habeas relief under the Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465, 482 (1976). (Doc. No. 21 at 2.) The findings and recommendations also concluded that petitioner's claim challenging the state court's failure to strike or dismiss one of his prior felony convictions in applying California's Three Strikes Law raised only a claim of

sentencing error in violation of state law and failed to state a cognizable claim for federal habeas relief. (*Id*. at 2-3.) The findings and recommendation were served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. (*Id*. at 4.) No objections have been filed and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendation are supported by the record and proper analysis.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on September 8, 2020 (Doc. No. 21) are adopted in full;

2. Respondent's motion to dismiss (Doc. No. 14.) is granted;

/////

/////

3. The petition for writ of habeas corpus is hereby dismissed for failure to state a cognizable claim for federal habeas relief; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **June 1, 2021**

_/s/ Dale A. Drozd_
UNITED STATES DISTRICT JUDGE